IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON ALLEN WALKER,

        Petitioner,                      OPINION AND ORDER

    v.

                                      22-cv-370-wmc

R.D. KEYS,

        Respondent.

---

Petitioner Jason Allen Walker, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. In his petition to this court, Walker challenges the Bureau of Prison's ("BOP") decision to revoke good time credit for the use of amphetamines/methamphetamines. The court directed a response to Walker's claim that the disciplinary proceedings resulting in his loss of good time violated his Fourteenth Amendment due process rights. Because respondent recently notified the court that the BOP has released Walker from custody, the court is denying Walker's petition as moot and closing this case.

OPINION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). To satisfy this "case or controversy" requirement, "parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a party no

1

longer has a personal stake in the outcome of the lawsuit, the lawsuit is moot and the court lacks jurisdiction to hear it. *See Lewis*, 494 U.S. at 477; *see also Spencer*, 523 U.S. at 7.

A prisoner's release may deprive him of a personal stake in the outcome of a lawsuit, thus mooting it. *See Spencer*, 523 U.S. at 7. A party has no stake in a case when the court cannot grant any relief that would have a meaningful effect on a party. *United States v. Shorter*, 27 F.4th 572, 575 (7th Cir. 2022). Where, as here, the petitioner challenges only an expired sentence, he bears "the burden of identifying some ongoing collateral consequence" that: (1) he can trace to the part of the sentence that he challenges; and (2) a judicial decision can likely remedy. *See United States v. Juv. Male*, 564 U.S. 932, 936 (2011).

Walker's petition is moot. The BOP released Walker on November 28, 2022. Walker contends that he is entitled to a reinstatement of the 40 days of good time credits he lost as a result of the disciplinary hearing. However, if the court granted Walker the relief he is seeking, it would not affect him now that the BOP has released him. *See Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) ("The fact remains that he is now released and the amount of time that he spent in prison cannot be undone."). Accordingly, the court must dismiss this petition as moot.

ORDER

IT IS ORDERED that:

1. Jason Walker's petition under 28 U.S.C. § 2241 is DENIED as moot.

2. The clerk of court is directed to enter judgment and close this case.

Entered this 10th day of January, 2023.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge